UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>                      Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>                      Defendant. | Case No.: 3:22-cv-0409-BAS-MSB<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

       Before the Court is Petitioner Keith Thomas's ("Petitioner") First Amended Petition for Writ of Habeas Corpus ("FAP"). For the reasons stated below, the Court **DISMISSES** the FAP without prejudice.

       On March 25, 2022, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On March 29, 2022, the Court dismissed the petition without prejudice because Petitioner had failed to satisfy the filing fee requirement. (ECF No. 2.) In its Order, the Court notified Petitioner that to have his case reopened, he must either pay the filing fee or provide adequate proof of his inability to pay, no later than May 27, 2022. (*Id.* at 1.) Petitioner filed a Motion to Proceed In Forma Pauperis ("IFP") on May 25, 2022. (ECF No. 3.) On July 11, 2022, the Court granted Plaintiff's request to proceed IFP but dismissed the Petition because it failed to provide a sufficient factual basis for habeas relief. (ECF No. 4.) That order notified Petitioner that he would have to file a First

Amended Petition which cured the deficiency to have his case reopened. (*Id.*) After an extension of time, Petitioner filed an Amended Petition on October 5, 2022. (ECF No. 7.)

The Court now dismisses the First Amended Petition for failure to state a cognizable claim. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added); *see Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) ("[F]ederal courts sitting in habeas can and will review an application of state law for alleged constitutional violations."). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court" and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, while Petitioner alleges he is in state custody, he fails to allege his custody is in violation of his *federal* constitutional rights. Petitioner states that his due process rights were violated when the California Supreme Court failed to adjudicate his petition for review on the merits because the court did not provide "a reason for denial of the petition." (ECF No. 7 at 6.) He attaches the decision of the state supreme court, which states: "The petition for review is denied." (*Id.* at 15.) But there is no federal due process requirement that state courts consider claims with a full discussion of the merits.[1] *See Hill*

---

[1] Indeed, while Petitioner couches his claim as one of due process, he cites only to California Rules of Court and the state constitution, neither of which support his claim. (*See* ECF No. 7 at 6–7.) First, California Rule of Court 4.551(g) requires only superior courts to provide a brief recital of its reasoning in denying habeas petitions. Cal. R. Ct. 4.551(g). The rule does not apply to petitions filed in the California Supreme Court. Second, Petitioner cites to "Art IV, sec. 6" of the California Constitution, but that section does not concern judicial review. Rather, it sets forth the composition of the state legislature. *See* Cal. Const. art. IV, § 6 (stating "the State shall be divided into 40 Senatorial and 80 Assembly

*v. Gibson*, No. 2:12-cv-0595-EFB-P, 2016 WL 3361814, at *3 (E.D. Cal. June 16, 2016) (stating that there was no "due process violation resulting from the failure of [the state court] to explain its underlying reasoning"); *see also Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[A federal habeas] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.").

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. It is plain from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because he has not adequately alleged that his custody is in violation of his federal rights.

Based on the foregoing, the Court **DISMISSES** the First Amended Petition without prejudice and without leave to amend.[2]

**IT IS SO ORDERED.**

**DATED: October 20, 2022**

Hon. Cynthia Bashant
United States District Judge

---

districts to be called Senatorial and Assembly Districts. Each Senatorial district shall choose one Senator and each Assembly district shall choose one member of the Assembly").

[2] The Court notes that Petitioner is currently proceeding with another federal petition for writ of habeas corpus filed in this Court pursuant to 28 U.S.C. § 2254, in which he challenges his state custody. *See Thomas v. Pollard*, 3:20-cv-0445-TWR-JLB (S.D. Cal. filed Jan. 27, 2022).